IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KESHA ROBINSON,             ) | |
| ) | Civil Action No. |
| Plaintiff,             ) | |
| v.             ) | |
| ) | JURY TRIAL DEMANDED |
| GENERAL SOLUTIONS             ) | |
| ASSOCIATES, LLC             ) | |
| ) | |
| Defendant.             ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kesha Robinson ("Plaintiff" or "Robinson"), and files this Complaint against Defendant General Solutions Associates, LLC ("Defendant" or "GSA"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant General Solutions Associates, LLC is a Georgia limited liability company and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant with the job title of "sales tax compliance specialist" from August 26, 2013 to August 18, 2014. From August 18 – January 21, 2015, Plaintiff held the job title of "sales tax compliance supervisor".

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout her employment with Defendant, Robinson's primary duty was the performance of non-exempt work, specifically mundane data entry and clerical work involved in preparing and processing sales and indirect tax returns for Defendant's customers.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over (40).

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Throughout Plaintiff's employment with Defendant, Defendant misclassified Robinson as exempt from the overtime requirements of the FLSA.

13.

Throughout her employment with Defendant, Plaintiff was paid on a salary basis and not paid overtime compensation for hours she worked in excess of (40) in given workweeks.

14.

Plaintiff's primary duty of preparing and processing tax returns, i.e. data entry and clerical work was not directly related to the management or general business operations of Defendant or its customers; nor did Robinson's primary duty involve the exercise of discretion and independent judgment on matters of significance.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Throughout Robinson's employment with Defendant, Defendant failed to pay her the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked in excess of (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

23.

Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without paying Plaintiff overtime compensation.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA;

(D) Permit Plaintiff to amend her Complaint to add state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 30th day of January, 2015.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Kesha Robinson

1100 Peachtree Street  
Suite 500  
Atlanta, GA 30309  
(404) 214-0120  
(404) 214-0125 facsimile